## Case No. 2,656.

### The CHESHIRE.

[Blatchf. Pr. Cas. 165.] [1]

District Court, S. D. New York. May 17, 1862.

PRIZE—SALE OF PERISHABLE PROPERTY.

After a decision condemning the vessel and cargo, but before the entry of the decree, the libellants moved for an immediate sale of vessel and cargo, as being in a perishing condition. The court held, on the facts, that no necessity was shown for such sale.

[Cited in The Empress, Case No. 4,477.]

---

## Case No. 2,657.

### The CHESHIRE.

[Blatchf. Pr. Cas. 643.] [1]

Circuit Court, S. D. New York. July 17, 1863. [2]

PRIZE—ATTEMPT TO VIOLATE BLOCKADE.

1. Decree of the district court, condemning vessel and cargo for an attempt to violate the blockade, affirmed.

---

[1] [Reported by Samuel Blatchford, Esq.]

[1] [Reported by Samuel Blatchford, Esq.]
[2] [Affirming decree of the district court in Case No. 2,655. Decree of the circuit court affirmed by supreme court in The Cheshire v. U. S., 3 Wall. (70 U. S.) 231.]

2. Where the owner of a vessel and her master are aware of the existence of a blockade at the time the vessel sails on her voyage, and have no reason to believe that it has subsequently ceased, the vessel has no right to approach the blockaded port for the purpose of ascertaining whether the blockade is still in force.

[Cited in Stokeley v. Smith, Case No. 13,473.]
[See note at end of case.]

[Proceedings to condemn the ship Cheshire and cargo for an attempted violation of the blockade. The claimants appeal from a sentence of condemnation rendered in the district court. Case No. 2,655.]

NELSON, Circuit Justice. This vessel was captured off the port of Savannah, Georgia, on the 6th of December, 1861, by the steamer Augusta, one of the blockading vessels. She was on a voyage from Liverpool to Nassau, N. P., with directions, from the shipper of the cargo and agent of the owner of the vessel and cargo, to call at the port of Savannah and inquire if the blockade had been removed. The vessel sailed from Liverpool on the 10th of October, 1861, with a cargo of coffee, salt, tin, blankets, &c. She was owned by Joseph Battersby, and the cargo was owned by him and his brother William, both of them merchants of Manchester, England, and British subjects. The firm had an agency at Savannah, Georgia, where they had carried on business several years. The vessel had been purchased from a house at Savannah, the previous winter, by J. Battersby, and carried a cargo from Liverpool to Savannah and back, leaving the port of Savannah in May, 1861. It is quite apparent, from the testimony in the case, that all parties concerned in the present shipment were aware of the blockade of the port of Savannah at the time the vessel left Liverpool, October 10, 1861; and, unless the right existed to call at the blockaded port, and inquire there for the purpose of ascertaining if the blockade was still in force, the condemnation of the vessel and cargo is unavoidable.

I agree that, as no official notice of the blockade was given to England, the condemnation in this case must be upheld, if at all, on the footing of the violation of a blockade de facto, in which case the master may have been justified in making the inquiry at the port if the owners and master were ignorant of its existence at the time the vessel sailed from Liverpool. This principle is, I think, well settled. But the difficulty lies in the fact that all the parties concerned were fully advised of the existence of the blockade, and no ground or reason is furnished for a belief that it had ceased. If the master, under the facts and circumstances of this case, could be justified in making the inquiry, he would be in any imaginable case. I lay aside the testimony of the boy, Thornton, as unworthy of credit, and see no ground for the condemnation of the

vessel or cargo as enemy's property. But, within the case of the Hiawatha, in the supreme court, the decree below is correct, on the ground of an attempt to violate the blockade of the port of Savannah. Decree below affirmed.

[NOTE. For denial of a motion for the sale of the vessel and cargo, see Case No. 2,656.
[From this decree the claimants appealed to the supreme court, where the decree of the circuit court was affirmed. Mr. Justice Field, who delivered the opinion, assigned as grounds for affirmance that the intention to break the blockade would be presumed from the position of the vessel when captured; that she knew of the blockade when she sailed from Liverpool, had no just reason to suppose it discontinued; and that consequently her approach to the mouth of the port for inquiry was itself a violation of the blockade, which subjected the vessel and cargo to seizure and condemnation. The Cheshire v. U. S., 3 Wall. (70 U. S.) 231.]